UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 13-61-DLB

JOHN ALLEN NEWTON                                                      PETITIONER

vs.                  **MEMORANDUM OPINION AND ORDER**

WARDEN J.C. HOLLAND                                        RESPONDENT

\*\*\*    \*\*\*    \*\*\*    \*\*\*

John Allen Newton is an inmate confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Newton has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. #1) The Court has granted Newton's motion to waive payment of the filing fee by prior order. (Doc. #6)

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Newton's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

1

On March 17, 1994, Newton was indicted in the Eastern District of California on two counts of carjacking in violation of 18 U.S.C. § 2119(1), (2); two counts of using a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Following a jury trial, Newton was convicted on all counts on June 7, 1994. On September 26, 1994, Newton was sentenced to a 165-month term of incarceration on each of the carjacking counts and on the felon-in-possession count, with all three terms to run concurrently with one another. Newton was also sentenced to a 60-month term of incarceration on the first § 924(c) count, and to a 240-month term of incarceration on the second § 924(c) count, with each of those terms running consecutively to one another and consecutively to the three other counts, for a total term of 465 months incarceration. *United States v. Newton*, No. 1: 94-CR-5036-LJO-1 (E.D. Cal. 1994).[1]

The Ninth Circuit affirmed Newton's convictions on direct appeal, concluding that his convictions for both carjacking and for using a firearm during the commission of a crime of violence did not violate the Double Jeopardy Clause, and that his carjacking convictions were supported by sufficient evidence of a nexus to interstate commerce. *United States v. Newton*, 65 F.3d 810 (9th Cir. 1995). The Supreme Court denied his petition for a writ of *certiorari* on February 20, 1996. *Newton v. United States*, 516 U.S. 1137, 116 S. Ct. 965, 133 L. Ed.2d 886 (1996).

On December 17, 1996, Newton filed a motion seeking relief from his conviction pursuant to 28 U.S.C. § 2255, primarily asserting ineffective assistance of counsel. The

---

[1] Because records and information located on government websites are self-authenticating under Fed. R. Evid. 902, the Court may take judicial notice of them. *Cf. Williams v. Long*, 585 F. Supp. 2d 679, 689 (D. Md. 2008); *Rudisill v. Drew*, No. 4:10-761-CMC-TER, 2010 WL 3222194, at *1 n.2 (D.S.C. July 21, 2010); *In re Katrina Canal Breaches Consol. Lit.*, No. 05-4182, 2008 WL 4185869, at *2 (E.D. La. Sept. 8, 2008).

trial court denied this motion on January 30, 1997. In 2008, Newton filed a "Rule 60(b)" motion to "re-open" his prior § 2255 proceeding, arguing that (1) the Supreme Court's decisions in *Jones v. United States*, 526 U.S. 227 (1999) and *United States v. Lopez*, 514 U.S. 549 (1995), rendered his carjacking convictions void for lack of jurisdiction; and that the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995) rendered his § 924(c) convictions for "use" of a firearm invalid. The trial court denied that motion, noting that *Jones* is not retroactively applicable to cases on collateral review; that the Ninth Circuit's decision in his direct appeal came after the Supreme Court had already decided *Lopez*; and that his *Bailey* claim was meritless because both the indictment and the proof at trial showed that Newton had actively used firearms during the two carjackings. *Newton v. United States*, No. CV-F-96-6366 EDP/OWW, 2008 WL 2225748 (E.D.Cal. May 28, 2008).

In his petition, Newton contends that "he was sentenced in excess of the statutory maximum, 15 years, authorized by Congress for offenses committed in violation of 2119(1), when the element of serious bodily injury is omitted from the indictment and/or jury instruction." Newton argues that, to sentence him to a term in excess of 15 years, *Jones* required the government to allege death or serious bodily injury in the indictment and to prove those allegations beyond a reasonable doubt to the satisfaction of the jury. (Doc. #1-1, p. 3)

As a threshold matter, Newton may not assert this claim in a habeas proceeding under section 2241. Section 2241 is ordinarily limited to challenges to decisions by prison officials which affect the manner in which a prisoner's sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d

889, 894 (6th Cir. 1999). If a federal prisoner wishes to challenge the legality of his conviction or sentence he must file a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, but only where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that the petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

The Supreme Court's decision in *Jones* interpreted § 2119's three subsections as establishing three different offenses, each requiring proof of distinct elements, which must therefore be proven to a jury, rather than merely stating circumstances to be considered by a judge as sentencing factors. *Jones*, 526 U.S. at 232-240. The Supreme Court later reiterated that, unlike *Apprendi v. New Jersey*, 530 U.S. 466 (2000), its decision in *Jones*

4

was purely one of statutory interpretation. *Ring v. Arizona*, 536 U.S. 584, 600-02 (2002). *Jones* therefore satisfies two of the requirements for the availability of a remedy under § 2241: it is a Supreme Court decision rendered after Newton's conviction became final, and was one involving the proper statutory interpretation of the statute of conviction.

However, nothing about the *Jones* decision rendered Newton's conduct - carjacking involving serious bodily injury - noncriminal. Rather, it merely changed the decisionmaker from the judge to jury, and the burden of proof from a preponderance of the evidence to beyond a reasonable doubt. *Jones*, 526 U.S. at 232. Like *Apprendi*, the change in the law effected by *Jones* did not render Newton "actually innocent" of carjacking involving serious bodily injury. *Vieux v. Williamson*, 250 F. App'x 519, 521-22 (3d Cir. 2007) (holding that challenge to §2119(2) conviction under *Jones* is not cognizable in habeas proceeding under § 2241); *Jones v. Pugh*, 43 F. App'x 217 (10th Cir. 2002) (same). Thus, while *Jones* was a case of statutory interpretation unlike *Apprendi*, neither case provides a gateway through § 2255(e)'s safety valve. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).

Even if this were not so, Newton's claims would fail because they proceed from factual premises refuted by the record. First, Newton was not sentenced in excess of the statutory maximum. The statute of conviction provided:

> Whoever, possessing a firearm as defined in section 921 of this title, takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall -
>
> (1) be fined under this title or imprisoned not more than 15 years, or both,
>
> (2) if serious bodily injury ... results, be fined under this title or imprisoned not more than 25 years, or both, ...

5

18 U.S.C. § 2119.² Thus, in order to have been sentenced in excess of the statutory maximum, Newton would have to have been sentenced to a term in excess of 15 years, assuming a conviction under §2119(1). However, Newton was sentenced to a term of incarceration of 165 months on both carjacking charges. *United States v. Newton*, No. 1: 94-CR-5036-LJO-1 (E.D. Cal. 1994) (Doc. #79, pp. 12-13 therein). This period is 13 years and 9 months, which is less than the statutory maximum of 15 years permitted for convictions under 18 U.S.C. § 2119(1), and far less than the 25-year statutory maximum permitted for convictions under 18 U.S.C. § 2119(2).

Second, in *Jones*, the indictment did not allege that the carjacking victims had suffered serious bodily injury, and no was such evidence put before the jury. *Jones*, 526 U.S. at 231. In contrast, Count I of Newton's indictment charged him with carjacking resulting in serious bodily injury in violation of § 2119(2); Count III charged Newton with "simple" carjacking in violation of § 2119(1). Count I expressly included an allegation that his conduct "result[ed] in serious bodily injury ...", and the jury convicted him of this offense. *United States v. Newton*, No. 1: 94-CR-5036-LJO-1 (E.D. Cal. 1994) (Doc. #79, pp. 8-9, 12-13 therein). Therefore none of the critical facts which compelled the outcome in *Jones* occurred in Newton's prosecution and conviction, and his assertions to the contrary are flatly refuted by the record.

Finally, Newton's petition makes a passing reference to *Bailey v. United States*, 516 U.S. 137 (1995), (Doc. #1-1, p. 4), but it is unclear whether he intends to re-assert his claim that his convictions under § 924(c) for "use" of a firearm are invalid under *Bailey*. Newton

---

² In 1994, the statute was amended to substitute "with the intent to cause death or serious bodily harm" for "possessing a firearm as defined in section 921 of this title." *Jones*, 526 U.S. at 230 n.1. Because Newton's offense conduct occurred prior to the amendment, the prior version controlled Newton's conviction and guides this Court's review of it.

made this argument in his second motion under § 2255, which the trial court rejected in 2008 as factually baseless in light of the proof at trial that Newton had, in fact, actively employed his weapon during both carjackings. *Newton v. United States*, No. CV-F-96-6366 EDP/OWW, 2008 WL 2225748 (E.D.Cal. May 28, 2008).

Apart from its merits, Newton is procedurally barred from pursuing a *Bailey* claim under § 2241 because he cannot show that his remedy under Section 2255 was "inadequate or ineffective" to assert his claim. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). Newton's conviction became final when the Supreme Court denied his petition for a writ of *certiorari* on February 20, 1996. However, *Bailey* was decided on December 6, 1995, over two months before Newton's conviction became final. Newton could therefore have asserted his claim under *Bailey* by amending his petition for a writ of *certiorari*, as well as by asserting a *Bailey* claim in his June 1996 motion to vacate his conviction under § 2255. Because Newton could have asserted his *Bailey* claim in his § 2255 motion but failed to do so, he cannot demonstrate that his remedy was inadequate and ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

Accordingly, **IT IS ORDERED** that:

1. Newton's petition for a writ of habeas corpus (Doc. #1) is **DENIED**.
2. The Court will enter a judgment contemporaneously with this order.
3. This matter is **STRICKEN** from the docket.

This 29th day of January, 2014.



Signed By:
*David L. Bunning* DB
United States District Judge